# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**Kirk Johnson,**

    **Plaintiff,**

v.                                    CASE NO:

**MORGAN EXTERIORS, INC.,**
**d/b/a Bath Planet of Tampa**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Kirk Johnson, (hereinafter "Plaintiff" or "Mr. Johnson"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, MORGAN EXTERIORS, INC., d/b/a Bath Planet of Tampa (hereinafter "Defendant," or "Morgan Exteriors") and alleges:

## INTRODUCTION

1. The Plaintiff brings this action against Defendant, MORGAN EXTERIORS, INC., his former employer, seeking to recover damages for unlawful discrimination based on race in violation of 42 U.S. Code § 1981 - Equal rights under the law.

2. As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated against him and terminated his employment because of his race in violation of his rights under 42 U.S. Code § 1981 - Equal rights under the law.

3. As a direct and proximate result of unlawful actions, Plaintiff has suffered actual damages: loss of income, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, he has suffered and continues to suffer loss of his professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

4. Plaintiff has incurred costs and attorney's fees in bringing this matter.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5.

6. This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper in the United States District Court for the

Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §§ 1391(d) because Defendant has sufficient contacts within the district to subject it to personal jurisdiction.

## PARTIES

8. Plaintiff is a 44-year-old deaf African American male who resides in Hillsborough County, Florida.

9. Plaintiff is a member of a class protected against discrimination based on his race under 42 U.S. Code § 1981.

10. During the period from May 1, 2016, until May 2, 2022, Defendant employed Plaintiff as a Bath Remodel Installer.

11. At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable state and federal statutes.

12. The Defendant, MORGAN EXTERIORS, INC., is a Florida profit corporation located at 15915 N Florida Avenue, Lutz, FL 33549.

13. At all times material herein, Defendant, MORGAN EXTERIORS, INC., regularly conducted, and continues to conduct, business in Florida.

14. At all times material herein, Defendant, MORGAN EXTERIORS, INC., met, and continues to meet, the definitions of "employer" under all

applicable Federal statutes including, but not limited to, 42 U.S. Code § 1981 - Equal rights under the law.

15. Accordingly, Defendant, MORGAN EXTERIORS, INC. is liable under 42 U.S. Code § 1981 - Equal rights under the law for the unlawful discrimination and retaliation to which it subjected Plaintiff.

## GENERAL ALLEGATIONS

16. Mr. Johnson began working for Morgan Exteriors as a Bath Remodel Installer on May 1, 2016.

17. During most of his employment, Mr. Johnson reported directly to his Project Manager "Rob." Under Rob's supervision, Mr. Johnson performed exceptionally well in his role, so much so that he earned employee of the month in 2018.

18. In March 2022, Mr. Rob announced his resignation, which led to Morgan Exteriors hiring Alex Goncalves as his replacement.

19. Mr. Goncalves frequently visited Mr. Johnson's job sites to inspect his work. When Mr. Johnson asked his Caucasian coworkers if Mr. Goncalves visited their sites too, they confirmed that he did not. Coincidentally, Mr. Johnson happened to be the only black male employee in the company under Mr. Goncalves supervision.

20. On April 26, 2022, Mr. Goncalves announced that he would hold a company-wide meeting. Despite his hearing impairment, Mr. Johnson requested an interpreter from Mr. Goncalves for the meeting, a request that Mr. Goncalves denied. Mr. Johnson tried to find an interpreter on his own, but Mr. Goncalves told him that he would just talk to him privately.

21. On May 2, 2022, when Mr. Johnson arrived at work, he received a text message from Mr. Goncalves informing him that his employment had been terminated due to poor attitude.

## COUNT I
## VIOLATION OF 42 U.S. CODE § 1981
## FOR DISCRIMINATION ON THE BASIS OF RACE

22. Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 21 of this Complaint as though fully set forth herein.

23. 42 U.S. Code § 1981 – Equal rights under the law – makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's race.

24. Plaintiff is a 44-year-old deaf African American male and a member of a protected class and protected by 42 U.S. Code § 1981 from discrimination based on his race.

25. At all times material herein, Defendant was and is an "employer" within the meaning of 42 U.S. Code § 1981.

26. The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful discrimination based on Plaintiff's race.

27. As his employer, Defendant was obligated to guard against the disparate treatment and discrimination of Plaintiff by his co-workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from discrimination in the workplace.

28. Defendant violated 42 U.S. Code § 1981 by, among other things, failing to promptly correct the disparate treatment and discriminatory conduct toward Plaintiff once it learned of it and by subjecting Plaintiff to disparate treatment because of his race.

29. Plaintiff, by being subjected to this disparate treatment and discrimination by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of his employment with Defendant.

30. The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise

reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the disparate treatment and discrimination of Plaintiff, deprived him of statutory rights under 42 U.S. Code § 1981.

31. Plaintiff can establish that he suffered damages because of unlawful discrimination in violation of 42 U.S. Code § 1981.

32. Defendant fostered, condoned, accepted, ratified and/or otherwise failed to prevent or remedy discriminatory conduct due to race.

33. Defendant is liable for the discrimination alleged herein. These actions all adversely affected the terms and conditions of Plaintiff's employment in violation of 42 U.S. Code § 1981.

34. As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to his family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

35. Defendants' unlawful discriminatory actions constitute reckless,

malicious, willful, and wanton violations of 42 U.S. Code § 1981 for which Plaintiff is entitled to an award of punitive damages.

**WHEREFORE**, the Plaintiff, Kirk Johnson, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, MORGAN EXTERIORS, INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.   Grant judgment in favor of Plaintiff and declare that Defendants have violated 42 U.S. Code § 1981 by discriminating against Plaintiff based on his race;

B.   Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of Defendant's discrimination against him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination he has endured;

C.   Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to and within the

statutory limitations of 42 U.S. Code § 1981;

D.   Award punitive damages to Plaintiff because of Defendant's reckless, malicious, willful, wanton, and unlawful discriminatory actions in violation of 42 U.S. Code § 1981;

E.   Award Plaintiff all other damages available under 42 U.S. Code § 1981, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under 42 U.S. Code § 1981, according to proof;

F.   Award Plaintiff pre- and post-judgment interest;

G.   Award Plaintiff his attorneys' fees, including litigation expenses, and the costs of this action; and

H.   Grant such other and further relief as this Court may deem equitable, just, and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Date this 5th day of October 2023.

/s/ Jason W. Imler, Esq
Jason W. Imler
Florida Bar No. 1004422
**Imler Law**
23110 State Road 54, Unit 407

Lutz, Florida 33549
(P): 813-553-7709
Jason@ImlerLaw.com